Filed 11/1/23  P. v. Threat CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BYRON THREAT,<br><br>    Defendant and Appellant. | D081914<br><br><br>(Super. Ct. No. SCD169476) |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Byron Threat, in pro. per.; and James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2003, Byron Threat pleaded guilty to one count of first degree murder (Pen. Code,[1] § 187, subd. (a)) committed during the commission of a residential burglary.  He also admitted a prior serious felony conviction, both as a five-year prior and a prior strike (§ 667, subds. (a)(1) and (b)-(i)).  The

---

[1]     All further statutory references are to the Penal Code.

remaining charges and allegations were dismissed as part of the plea agreement.

As part of his change of plea, Threat admitted, both orally and in writing, under oath, that he killed the victim.

Threat was sentenced to an indeterminate term of 55 years to life in prison.

In 2021, Threat filed a petition for resentencing under section 1172.6 (formerly section 1170.95). The court appointed counsel, received briefing, and held a hearing. The court found the record showed Threat was the actual killer of the victim. He was not prosecuted as an aider and abettor but was convicted for his own act of killing the victim. The court determined Threat was not eligible for relief under section 1172.6 as a matter of law and therefore denied the petition.

Threat filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error. The court in *Delgadillo* granted the appellate courts the discretion to review appeals from post judgment orders, like this case, in the same fashion as we do with appeals, which are subject to review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We exercise that discretion in this case and will follow *Wende* procedure in reviewing this appeal.

We notified Threat he could file his own brief on appeal. He has responded with 38 pages of briefing on a wide range of issues, which largely do not relate to the merits of the present order. We will discuss his submission below.

2

## STATEMENT OF FACTS

Threat filed a written change of plea in which he admitted he killed the victim during a residential burglary.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. We have reviewed the record as we would do under the familiar *Wende* procedure. We have not discovered any arguable issues for reversal on appeal.

We have also reviewed Threat's lengthy submission, much of his focus is on his guilty plea. He claims he was under duress and did not understand he was admitting he was the actual killer. Threat posits someone else could have killed the victim, although the record shows he was the sole perpetrator.

Threat contends he is eligible for relief under section 1172.6 even if he is the actual killer, which is of course inconsistent with the language in Senate Bill Nos. 1437 and 775. He appears to argue that his form petition alleges he could not be convicted for this offense and that allegation should be enough to require an evidentiary hearing.

Threat's briefing has not raised any arguable issues for reversal of the trial court's specific order in this case. His original conviction and sentence are not the subject of the current appeal and his complaints about his conviction are not properly before us.

Competent counsel has represented Threat on this appeal.

# DISPOSITION

The order denying Threat's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.

4